UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CR224 HEA |
| ) | |
| RAYMOND LAMONT SHAW, ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Order and Recommendation, [Doc. No. 28], of United States Magistrate Judge David D. Noce, pursuant to 28 U.S.C. § 636(b), in which Judge Noce recommends that Defendant's Motion to Suppress Evidence and Statements, [Doc. No. 20] and oral Motion to Suppress Evidence, [Doc. No. 14], be denied. Defendant has filed Objections to the Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id*. This court, therefore, has reviewed the entire record, including

listening to the audio recordings of the hearing held on June 5, 2007.

## Discussion

Defendant objects to Judge Noce's findings that Defendant threw down the pistol and the cell phone during his flight from the officers so that the items could not be used as evidence to prove he was the shooter. This objection is overruled. Defendant fails to connect the finding to any statements and/or evidence which he seeks to suppress. Stated another way, the finding relates in no way to whether the physical evidence or statements should be suppressed.

Defendant also objects to the finding by the Court that the arrest of Defendant without a warrant was lawful, urging, without any citation to authority, that there was no probable cause to arrest Defendant. The objection is overruled. As Judge Noce thoroughly sets forth, Probable cause to arrest without a warrant exists when the police have information sufficient to cause a reasonable person to believe that the subject had committed an offense or was then committing an offense. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). Defendant was arrested after he had been seen breaking into a garage in the middle of the night within four or five blocks of where someone fired shots at police, after the police pursued two subjects who had fired several shots at them , and where defendant matched the description of one of the shooters. The police clearly had sufficient probable cause to arrest Defendant

without a warrant.

Defendant's objections to Judge Noce's findings that the statements Defendant made were constitutionally voluntary and that these statements were spontaneous are overruled.  The uncontroverted evidence establishes that Defendant, after having been advised of his *Miranda* warnings, inquired about his cell phone without any questioning by the police.  Clearly there was no interrogation or coercion of Defendant.

Finally, Defendant objects to the finding that the pistol and cell phone were thrown down by the Defendant and that Defendant relinquished his right to complain about the acquisition of this evidence by the Government.

Abandoned property generally

> may be recovered by police and used for evidentiary purposes.  *See Hester v. United States,* 265 U.S. 57, 58, 44 S.Ct. 445, 68 L.Ed. 898 (1924); *United States v. Hollman,* 541 F.2d 196, 199 n. 8 (8th Cir.1976).  When determining if evidence has been abandoned, courts must consider whether the defendant relinquished his reasonable expectation of privacy over the objects.  *See United States v. Hoey,* 983 F.2d 890, 892-93 (8th Cir.1993).  This determination is made based on the objective facts available to the officers at the time they recovered the evidence, taking into account the totality of the circumstances.  *United States v. Tugwell,* 125 F.3d 600, 602 (8th Cir.1997).  Under this test, courts typically consider two critical factors-whether the defendant physically relinquished, and denied ownership over, the challenged evidence.  *Id.*
>
> *U.S. v. Simpson,* 439 F.3d 490, 494 (8th Cir. 2006).

Under the "totality of the circumstances" analysis, the findings that Defendant discarded the cell phone and gun and that he had relinquished his right to complain about the acquisition of this evidence are proper. Defendant had been described to the detectives as the shooter and had inquired about the cell phone. Thus, the reasonable conclusion from this is that Defendant had abandoned both items during his flight from the police. These items therefore should not be suppressed and their introduction into evidence should not be prohibited.

## Conclusion

Having conducted a *de novo* review of the Motions and the record before the court, Defendant's objections are overruled. The Court, therefore, will adopt the sound and well-reasoned Recommendations of Judge Noce.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Evidence and Statements, [Doc. No. 20], is DENIED.

**IT IS FURTHER ORDERED** that Defendant's oral Motion to Suppress Evidence, [Doc. No. 14], is DENIED.

Dated this 26th day of July, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE